AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DELSON MARC, and | ) Case No. 18-8327-WM |
| BALMY LINCOLN JOSEPH, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by SP D.C.

JUL 23 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___July 18, 2018___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 846 | Conspiracy to possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lynn H. Mead, Jr., DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 23, 2018

_____
*Judge's signature*

City and state: ___West Palm Beach, FL___

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Lynn H. Mead Jr, a Special Agent with Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state:

## INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a criminal complaint. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the West Palm Beach, Florida District Office. I have been a Special Agent with DEA, assigned to the Miami Field Division, since 2006. Prior to this time, I received a B.A. in Criminal Justice from the University of Mississippi and was a criminal investigator for the Mississippi Gaming Commission for two years. During my law enforcement career, I have participated in numerous narcotics investigations during which I have conducted physical and electronic surveillance, executed search warrants, and reviewed and analyzed recorded conversations and documents seized from drug traffickers. Through my training, education, and experience, which has included debriefing cooperating drug traffickers, monitoring wiretapped conversations of drug traffickers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking, I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the efforts of persons involved in such activity to avoid detection, and the methods used to finance drug transactions, and launder drug proceeds.

2. I make this affidavit based on information known to me personally, upon information obtained from other law enforcement officers, and information obtained from witnesses. The following information contained in this affidavit is stated for the limited purpose of establishing probable cause for the requested criminal complaint, and does not contain all facts

and information regarding the investigation described hereafter.

3. On July 18, 2018, members of the Palm Beach County Sheriff's Office Violent Crimes Division executed a state search warrant at the residence shared by Delson MARC and Balmy JOSEPH, located at 7120 Okeechobee Boulevard #5304, West Palm Beach, Florida. Agents also executed a separate state search warrant inside the residence's detached garage. Balmy JOSEPH had rented this residence and its detached garage using the stolen identity of W.D.

4. The original search warrants authorized officers to search both the residence and detached garage for documentary and electronic evidence related to the fraudulent use of personal identification information and organized fraud. After discovering narcotics within the residence, officers applied for and received additional narcotics-related search warrants for both the residence and detached garage.

5. During the search of the residence, agents and detectives located a black laptop bag on the kitchen countertop. Inside the laptop bag, detectives recovered multiple credit cards in the names of several different individuals, two laptop computers, and a credit card scanner. Additionally, agents and detectives recovered approximately 14 grams of cocaine in the left interior pocket of a leather jacket that was hanging in JOSEPH's bedroom closet. Officers also located 59 grams of heroin in the right front interior pocket and lower left exterior pocket of the same leather jacket. In JOSEPH's master bathroom, agents and detectives located a plastic bag containing numerous clear capsules that are used to sell, package, and distribute illegal narcotics. In your affiant's training and experience, it is common practice for drug dealers to put heroin in clear capsules for drug distribution. As JOSEPH was being taken into custody, he broke two cellular phones he had in his possession. Based on the investigation, JOSEPH was arrested for the state charges of trafficking in heroin, possession of cocaine, possession of a credit card machine,

dealing in credit cards of another, trafficking in counterfeit credit cards, and tampering with physical evidence.

6.  While searching the residence, agents and detectives also located evidence that Delson MARC shared the residence with JOSEPH. In the western-most bedroom of the residence, agents and detectives located a black backpack containing a black Gucci wallet with Delson MARC's Florida driver's license, along with correspondence to include business cards for Dually Express, multiple key rings containing several different keys, and a garage door remote with a sticker "G303". Agents know that the Dually Express trucking company is owned by MARC. Also inside the same backpack were prescription bottles in MARC's name, and approximately $26,700 wrapped in rubber bands. There were also prescription medicine bottles with MARC's name located in the medicine cabinet of the bathroom adjacent to MARC's bedroom. Officers also located paperwork related to MARC's 2017 arrest and additional correspondence bearing his name in his bedroom closet. Officers located several credit cards/debit cards in the names of several different individuals in this same bedroom. MARC, who had been in the Palm Beach County jail since July 12, 2018 on other charges, was additionally charged with the state crimes of dealing in credit cards of another, trafficking in counterfeit credit cards, and a violation of probation.

7.  Officers used the garage clicker (labeled G303) located in MARC's backpack to open the door of the detached garage. Officers saw four Forgiato rims leaning against the garage wall. Officers located a padlocked freezer chest approximately 4 feet by 3 feet wide. Officers used a single key obtained from the larger set of keys found in MARC's room earlier to open the padlock on the freezer. Inside the freezer, officers found the following: (1) a plastic bag containing 818 grams of heroin; (2) a plastic bag containing 737 grams of heroin; (3) a plastic bag containing

663 grams of heroin; (4) a plastic bag containing 521.5 grams of heroin; (6) a plastic bag containing 1014 grams of heroin; (7) a plastic bag containing 633.5 grams of heroin; (8) a plastic bag containing 1020 grams of heroin; (9) a plastic bag containing 27.5 grams of heroin; (10) a plastic bag containing 86 grams of heroin; (11) a plastic bag containing 319.5 grams of heroin; (12) a plastic bag containing 443.5 grams of heroin; (13) a plastic bag containing 128.5 grams of heroin; (14) a plastic bag containing 58 grams of heroin; (15) a plastic bag containing 54 grams of heroin; (16) a plastic bag containing 28.5 grams of heroin; (17) a plastic bag containing 160 grams of heroin; (18) a plastic bag containing 177 grams of heroin. **In total, the heroin weighed approximately 8,569 grams (8.5 kilograms).** Officers also located several ninja and miscellaneous brand blenders containing an unidentified white reside. Each of the heroin bags field-tested positive.

8. During the execution of the search warrants, officers were monitoring MARC's jail calls using the Securus Jail Call Platform. During a call from MARC to telephone number (561) 718-XXXX, utilized by an unknown male ("UM"), MARC asked, "Oh she got it?" UM replied, "Na, I ain't even talking about that, that man, this shit ugly bro." MARC replied, "What's that mean?" UM answered, "Man…. (9 second pause)….full throttle shit, bro." MARC asked, "Whatchu mean?" UM repeated, "Full throttle shit, bro." MARC asked, "The FORGIE'S?" UM affirmed. During this call, agents believe that UM was warning MARC that the police were present at MARC's apartment and garage. Agents know that "FORGIE'S" or "4g's" is common street terminology for Forgiato brand custom rims for tires, the same rims that were next to the freezer in which the heroin was located.

9. A short time later, officers intercepted another jail call placed by MARC to the same (561) 718-XXXX. During this call, MARC stated, "Yeah, I'm just saying, listen, you know

for the trucking, umm shit you know we are trying to get it cranked up. But if FOR…if FORGIE if FORGIE, you know what I mean, it's going to be tough though, bro. You heard me?" UM replied, "You just, you just, you know, you just worry about that, bro. Just worry about the trucking company. And just make sure you take care of my jit, dawg." The conversation continued. MARC then said, "Ok, look, you know how we got the um, (pause)… on the 15th, we were supposed to get reinstated right? But you know, the FORGIE supposed to get that bitch crunk back up, though." UM affirmed. MARC then said, "FORGIE, FORGIE 54 or no?" UM responded, "Man, that shit is all the way loud, bro, it's all the way loud, bro, it's up there." The conversation continued. MARC then instructed, "Say no more, say no more." UM replied, "No bro, it's all the way loud, it's bad, bro." MARC then said, "I'm dead. That's what I'm trying to tell you." UM continued, "Listen bro, once the other party do what he is supposed to do, that's what I'm saying, bro, when you come." MARC interrupted UM and said, "You got to understand, bro, listen to me, bro, you already know how I have been screaming to you, bro, you ain't really said." MARC continued, "Oh man, you not understanding, bro." UM then said, "No, you are not understanding, bro, ok." MARC said, "You gotta understand though homie, listen, if that shit is gone, that means I'm dead, bro." This conversation continued for approximately 10 more minutes. MARC again mentioned the "FORGIES," and referenced that he was going to use the "FORGIES" to get his truck business going. Agents believe MARC was going to put the money obtained from the sale of the 8.5 kilograms of heroin towards his Dually Express Trucking business.

10. Based on my training and experience, I know that possession of approximately 8,569 grams of heroin is not for personal use, but is for distribution.

11. Based on the foregoing evidence, your affiant asserts probable cause exists to believe that Delson MARC and Balmy JOSEPH did conspire to possess with the intent to distribute

one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Lynn Mead
Drug Enforcement Administration

Sworn and subscribed before me this 23rd day of July 2018, in West Palm Beach, Florida.

_____
WILLIAM D. MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>18-8327-WM</u>

UNITED STATES OF AMERICA

v.

DELSON MARC, and
BALMY LINCOLN JOSEPH,

Defendants.
_____/

FILED by SP D.C.

JUL 2 3 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

BY: _____
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0150990
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Rinku.Tribuiani@usdoj.gov