UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:18-CR-80153-WPD-2

UNITED STATES OF AMERICA

       Plaintiff,

v.

BLAMY LINCOLN JOSEPH,

       Defendant.

_____/

## DEFENDANT'S MOTION IN LIMINE CONCERNING RULE 404(b) EVIDENCE

DEFENDANT, BALMY LINCOLN JOSEPH, through undersigned counsel, requests this Court exclude from the government's case certain proffered 404(b) evidence. As grounds for this request, Defendant states the following:

1. The government, pursuant to its obligation under the Standing Discovery Order, has noticed counsel as follows:

    (N) The government will timely advise the defendant(s) of its intent, if any, to introduce during its case in chief of proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

2. The documents the government has supplied show that Defendant may have convictions for possession and sale of narcotics and nonnarcotic offences including identity theft offenses. (See attached composite Exhibit A).

3. The notice provided by the government is insufficient to inform Defendant of the legal basis by which it seeks to introduce the Rule 404(b) evidence. Additionally, the proffered evidence does not meet the test for admissibility as established in *Huddleston v. United States,* 108 S.Ct. 1496 (1988), requiring its exclusion from trial.

## MEMORANDUM OF LAW

Rule 404(b), Fed.R.Evid. provides that under certain circumstances evidence of other crimes may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. In *Huddleston,* the Supreme Court set the guidelines for the admission of such evidence: the evidence must be offered for one or more of the reasons enumerated in the statute; the evidence must be relevant to an issue being contested; and the evidence must withstand Rule 403 scrutiny. 108 S.Ct. at 1502.

The government has the burden of demonstrating how the other crimes evidence is relevant to an issue in the case. A broad statement merely invoking Rule 404(b) will not suffice. *United States v. Riviera,* 837 F.2d 906 (10thCir. 1988). Therefore, the government's notice as outlined above is insufficient.

In looking at Defendant's prior convictions, it is clear that they are not factually similar to the instant charges, and therefore the government is attempting to introduce these prior convictions to show that Defendant is a person of bad character who is prone to breaking the law. Defendant's prior convictions are not admissible to establish that, on the date charged in the Indictment, Defendant acted in conformity with his previous bad behavior. There is no question the identity theft offenses are not admissible under Rule 404(b).

As to the sale and possession of narcotics convictions, those convictions should also be excluded from trial. Those convictions involved a small quantity of drugs which Defendant sold a completely different factual scenario from the instant charges. This Indictment stems from Defendant being attached to a residence and garage during the execution of a search warrant that contained a large quantity of drugs.

The government should not be allowed to invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of Defendant in the same category of crime. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002). Rather, the government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing a necessary element of the current offense. *Id.* If the government cannot identify a similarity or some connection between the prior crimes and the current acts, the prior crimes should be considered irrelevant. *Id.*

If this Court were to determine that evidence of Defendant's prior convictions is relevant and is being offered by the government for the proper purpose, the Rule 403 balancing test must still be conducted. *United States v. Roe*, 670 F.2d 956-57 (11thCir. 1982). This balancing determination calls for "a 'common sense assessment of all the circumstances surrounding the extrinsic offense,' including prosecutorial need, the overall similarity between the extrinsic act and the charged offense and the temporal proximity of the two." *United States v. Dothard*, 666 F.2d 498, 502-03 (11thCir. 1982).

Applying the above test to Defendant's prior convictions, it is clear that evidence sought to be introduced should be excluded from trial. There is no similarity between the instant offenses and any of the prior convictions. Their introduction would simply be bad character evidence which is prohibited by Rule 404(b).

As for the drug priors, again the balancing test does not favor the government. These priors are dissimilar to the offenses charged in the four counts of the Indictment related to Mr. JOSEPH. Admission of the priors would only invite the jury to base conviction as to those Counts on the speculative argument that since, Defendant has prior drug convictions; he must be guilty of the present narcotics charges. This Court should not encourage a jury verdict based on speculation.

As further related to, the drug Counts, a number of factors weigh against admission of the evidence. The prior convictions are totally dissimilar to the instant charges. The priors involve a small quantity of narcotics, while the instant charges deal with possession of large quantities, of narcotics within two years or more ago, so there is a temporal distance between the past conduct and the instant offenses. For all of these reasons the drug priors should also be excluded because their probative value is not outweighed by the prejudicial impact and their admission would effect Defendant's ability to receive a fair trial.

WHEREFORE for the reasons stated herein, Defendant requests this Court grant his Motion in Limine.

Respectfully submitted,
s/ Michael B. Cohen, Esq.
*Michael B. Cohen*
Michael B. Cohen, Esq.
Florida Bar No: 210196

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was furnished via CMECF E-Filing to all applicable parties on October 26, 2018.

          Respectfully submitted,
          S/ Michael B. Cohen, Esq.
          *Michael B Cohen*
          Michael B. Cohen, Esq.
          Florida Bar No: 210196
          6400 North Andrews Ave., Ste 505
          Fort Lauderdale, Florida 33309
          Ph (954) 928-0059
          Fax (954) 928-0929