UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  Case 9:18-cr-80153-WPD

UNITED STATES OF AMERICA

    Plaintiff,

v.

DELSON MARC,

    Defendant.
_____/

### DEFENDANT DELSON MARC'S MOTION FOR SEVERANCE

Defendant DELSON MARC, files this motion for severance of counts, pursuant to Federal Rules of Criminal Procedure 8 and 14.

### ANALYSIS OF THE SUPERSEDING INDICTMENT

The Government charged Delson Marc with three additional possessions with intent to distribute heroin counts in its superseding indictment filed on October 18, 2018. (ECF No. 45). These counts are based upon the theory that Delson Marc sold heroin to one or more confidential informants. The Government's theory of intent to distribute is not based upon quantity in those instances. After the three alleged sales, nearly six months passed, and then the Government resumes its allegations in the indictment and charges Defendant Marc with conspiracy and possessions with intent under a quantity theory.

## SUPERSEDING INDICTMENT

| Count | Date alleged | Charge | Gov. theory | Defendant |
|---|---|---|---|---|
| 1 | Jan. 31, 2018 | Possession with intent | <u>sale</u> | Delson Marc |
| 2 | Feb. 7, 2018 | Possession with intent | <u>sale</u> | Delson Marc |
| 3 | Feb. 22, 2018 | Possession with intent | <u>sale</u> | Delson Marc |
| | <u>6 months pass</u> | | | |
| 4 | July 6, 2018 to July 18, 2018 | Conspiracy possession with intent | <u>Quantity</u> – 1 Kilo | Both defendants |
| 5 | July 6, 2018 to July 18, 2018 | Possession with intent | <u>Quantity</u> – 1 Kilo | Both defendants |
| 6 | July 7, 2018 | Possession with intent | quantity | Delson Marc |
| 7 | July 12, 2018 | Possession with intent | quantity | Delson Marc |
| 8 | July 12, 2018 | Possession of a firearm by a convicted felon | | Delson Marc |
| 9 | July 12, 2018 | Possession of a firearm in furtherance of a drug trafficking crime | | Delson Marc |
| 10 | July 18, 2018 | Possession with intent cocaine | | Balmy Joseph |
| 11 | July 18, 2018 | Possession with intent heroin | | Balmy Joseph |

Defendant Marc objects to the Government joining the Counts I-III and moves for severance of these counts from Counts IV-IX.

## **<u>SEVERANCE OF COUNTS IS APPROPRIATE</u>**

First, the Court should consider whether the counts were properly joined in the same

indictment under Rule 8. *United States v. Bowers*, 811 F.3d 412, 422 (11th Cir. 2016), cert. denied, 136 S. Ct. 2401 (2016) (citing *United States v. Barsoum*, 763 F.3d 1321, 1337 (11th Cir.2014)).  Then, the Court should consider whether it would be improper to deny severance under Rule 14's prejudice analysis. *Id.* The Government can join separate offenses under Rule 8 of the Federal Rules of Criminal Procedure if it meets certain conditions.  Rule 8 states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses <u>if the offenses</u> charged—whether felonies or misdemeanors or both—<u>are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.</u>

(emphasis added).

The Court should grant severance under Rule 8 only if it "affects substantial rights and ... results in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Zitron*, 810 F.3d 1253, 1257 (11th Cir. 2016) (citation omitted).

Defendant Marc challenges the Government's joinder of Count I-III because it affects substantial rights and results in actual prejudice. First, the Government cannot satisfy the "are of the same of similar character" prong. *See id.* In Counts I-III, the alleged sales occur on different dates and do not relate to the 1 kilogram of heroin discovered pursuant to an executed search warrant and referenced in Counts IV and V. The probable cause in the search warrants of the subject residence was not based upon the sales prosecuted in Counts I-III. The warrants do not reference Defendant Marc at all. In short, the counts specify different dates (separated by six-months), presumably a different batch or mixture of heroin, and the theory of intent to distribute (sale v. quantity) sufficiently differentiate the superseding counts. Counts I-III are sales that are also not connected by "the same act or transaction." *See* FED.R.CRIM.P. 8. "Two crimes are 'connected together' if the proof of one crime constitutes a substantial portion of the proof of the other. *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984) (citations omitted).

3

Likewise, joinder is improper when commission of one crime did not lead to the commission of the other and proof of one did not constitute proof of the other. *Id.* (citing *United States v. Halper,* 590 F.2d 422, 428-29 (11th Cir. 1978). They are not connected by the same indicted conspiracy.  Therefore, there is no "common scheme" for joinder purposes either. *See United States v. Dominguez,* 226 F.3d 1235,1239 (11th Cir. 2000).

Many cases analyze hypothetical trials to test whether there is a connection between severed counts. In a hypothetical severed trial, no evidence from the possession cases would be admissible in a trial of merely Counts IV-V. *See Bowers,* 811 F.3d at 424 n.5. This is because selling specified heroin does not mean one possessed 1 kilogram of heroin months later. Again, the sales did not serve as probable cause for any search warrant. Consequently, the Government will either implicitly or explicitly argue to the jury that because Defendant Marc sold heroin in Counts I-III, he must have possessed the heroin the latter counts.  But Marc was not present when the heroin in Counts IV and V were discovered. He did not own or rent the residence where the heroin was found.  The only connection is that there was a bag with Marc's identification in the garage where the heroin was discovered in a locked refrigerator. Nothing about the sales in Counts I-III provide sufficient connection, relationship, or scheme to Counts IV and V. The Government seeks to try all these counts together to benefit from introduction of improper propensity evidence. *See* FED R. EV. 404(a); 404(b) (without notice); 403 (unfairly prejudicial). Since the only purpose of adding Counts I-III, is to unfairly prejudice Defendant Marc with unconnected crimes, the Court should sever the counts.

Even if the joinder of Counts I-III does not run afoul of Rule 8(a), the Court should order a severance of counts because Marc's defense will be prejudiced by the joinder of Counts with the remaining counts for trial. *See* FED. R. CRIM. P. 14.

Rule 14 states:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial <u>appears to prejudice a defendant</u> or the government, <u>the court may order separate trials of counts</u>, sever the defendants' trials, or provide any other relief that justice requires.

(emphasis added).

"In order for the Government to prove the Defendant's involvement in a conspiracy beyond a reasonable doubt, 'it is not enough for it merely to establish a climate of activity that reeks of something foul' " *United States v. Benz*, 740 F.2d 903 (11th Cir. 1984). The Eleventh Circuit's analysis on severance of counts considers prejudice to the defendant. It would be error if the district court failed to sever charged counts "…if the defendant 'received an unfair trial and suffered compelling prejudice.'" *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017) (citing *United States v. Zitron*, 810 F.3d 1253, 1258 (11th Cir. 2016) (quoting *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993)).

A trial would create the danger that the jury would use evidence admissible as to one count to infer a criminal disposition on the part of other counts. *United States v. Foutz*, 540 F.2d 733, 736-38 (4th Cir. 1976); *United States v. Gregory*, 369 F.2d 185, 189 (D.C. Cir. 1966), cert. denied, 396 U.S. 865 (1969). And a joint trial on all counts against Defendant Marc creates a grave danger that the evidence as to each separate count will "cumulat[e] in the jurors' minds." *Id.; see United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978); *United States v. Gregory,* 369 F.2d at 189. For each of these reasons, severance of Counts I-III from the remaining counts for trial is essential under Fed. R. Crim. P. 14.

5

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tel: (954) 530-5301
Email: Buschel@BGlaw-pa.com

By: __/s/ Robert C. Buschel_____
ROBERT C. BUSCHEL
Florida Bar No. 0063436

/s/BRADFORD M. COHEN
BRADFORD M. COHEN, ESQ.
Florida Bar No. 118176
BRADFORD COHEN LAW
1132 SE 3rd Avenue Ft. Lauderdale, FL 33301
Tel: 954-523-7774 Fax: 954-523-2656

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

BUSCHEL GIBBONS, P.A.

BY: _/s/ Robert Buschel_____
ROBERT C. BUSCHEL