UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  Case 9:18-cr-80153-WPD

UNITED STATES OF AMERICA

      Plaintiff,

v.

DELSON MARC,

      Defendant.

_____/

## DEFENDANT MARC'S MOTION TO COMPEL
## *GIGLIO* AND IMPEACHMENT MATERIAL

      As part of the government's disclosure obligations, the defense seeks the prompt pretrial production of the following material *Brady*/*Giglio* items missing from the disclosure of the money paid to the confidential informant ("CI") and other impeachment information such as convictions and sentence the informant seeks to reduce. Among the items requested are:

• DEA 6, agent notes, or other reports identifying the "services" provided by CI for the monies received;

• All receipts submitted by the confidential informant (or his handlers) for "expenses" detailing the items for which reimbursements were made;

• All DEA vouchers and official requests for funds to be paid to CI, recorded conversations amounts to the equivalent of substantive evidence.

• All DEA 6 and other reports detailing all instructions to CI as well as his debriefings;

• The memorandum or contract agreement documenting CI's agreement to function as a government informant and the government's engagement of CI;

• Whether CI is eligible for future payments and rewards for

past or future services;

• All 1099s and/or W-2s submitted to the CI by the government accounting for these payments;

• All CI Tax Returns, including quarterly returns, for the government money received during calendar years 2016, 2017, and 2018; and

• A comprehensive list of all "cases" or matters on which CI worked, and the breakdown of the funds paid to CI for each matter.

The Government charged Delson Marc with three additional possessions with intent to distribute heroin counts in its superseding indictment filed on October 18, 2018. (ECF No. 45). These counts are based upon the theory that Delson Marc sold heroin to one confidential informant. The defense is entitled to this information in order to determine the true extent of CI's compensation and motivations in this case. The requested information comes within the scope of *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766 (1972), *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177 (1959), *United States v. Bagley*, 473 U.S. 667, 675, 105 S. Ct. 3375, 3380-3381 (1985), and *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995).

The Eleventh Circuit has emphasized the thrust of *Giglio* and its progeny has been to assure that the jury knows the facts that might motivate an informant's actions and conduct, as well as impact the potential testimony. *See Alderman v. Zant*, 22 F.3d 1541 (11th Cir. 1994); *Brown v. Wainwright*, 785 F.2d 1457 (11th Cir. 1986); *McCleskey v. Kemp*, 753 F.2d 877 (11th Cir. 1985). *See also Parkus v. Delo*, 33 F.3d 933, 940 (8th Cir. 1994); *White v. United States*, 858 F.2d 416, 423-424 (8th Cir. 1988) (*Brady* disclosures apply when a defendant tenders guilty

plea), *cert. denied*, 489 U.S. 1029 (1989); *United States v. O'Conner*, 64 F.3d 355 (8th Cir. 1995) (*Brady* violation occurs when government fails to inform the defense of threats by one government witness against another). Importantly, when the informant harbors an expectation of a future financial award for services in obtaining a conviction, such evidence is vitally important to the defense. *Williamson v. United States*, 311 F.2d 411 (5th Cir. 1962) (conviction reversed where informant's recovery of award was contingent on conviction).

To comport with due process requirements, there "must be a complete and timely disclosure of the fee agreement." *United States v. Wilson*, 904 F.2d 656, 659 (11th Cir. 1990); *Hoffa v. United States*, 385 U.S. 293, 87 S. Ct. 408 (1966) (procedural safeguards inherent in due process analysis). Timely production is required so the defense can properly be prepared for this witness and trial.

The Government superseded its indictment on October 18, 2018, introducing the CI as a witness in this case. At today's calendar call, the Government (outside the court) expressed ambiguity whether it would call the CI as a witness in this case. Because the Government will not commit to whether the CI will be called as a witness, the Court should order production of the materials requested above.

## **CONCLUSION**

For all these reasons, this court should order the prompt pretrial disclosure of the requested information.

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida  33394
Tel:  (954) 530-5301
Email: Buschel@BGlaw-pa.com

By: __/s/ Robert C. Buschel_____
ROBERT C. BUSCHEL
Florida Bar No. 0063436

/s/BRADFORD M. COHEN
BRADFORD M. COHEN, ESQ.
Florida Bar No. 118176
BRADFORD COHEN LAW
1132 SE 3rd Avenue Ft. Lauderdale, FL 33301
Tel: 954-523-7774 Fax: 954-523-2656

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

BUSCHEL GIBBONS, P.A.

BY: _/s/ Robert Buschel_____
ROBERT C. BUSCHEL